UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   5:22-cv-2072-FLA (SK) | Date: January 18, 2023 |
| Title   LaQuinton D. Bowers v. James Hill et al. | |

Present: The Honorable: Steve Kim, United States Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None present | None present |

**Proceedings:**     (IN CHAMBERS) **SCREENING ORDER**[1]

Plaintiff is a California state prisoner seeking to sue at least six correctional officers from the California Institution for Men (CIM) for more than ten discrete incidents based on an impermissible shotgun complaint under 42 U.S.C. § 1983. *See Jones v. Cmty. Redev. Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984); *Jaime v. Parts Auth. LLC*, 2021 WL 3055041, at *7 (D. Ariz. July 20, 2021). The Court must screen that complaint to "identify cognizable claims" from deficient ones, including any that are "frivolous or malicious," "fail[] to state a claim on which relief may be granted," or "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(a), (b)(1)-(2). As alleged, Plaintiff's complaint is deficient for many of these and closely related reasons. *See also* Fed. R. Civ. P. 12(e), (h); Fed. R. Civ. P. 20(a).

*First*, Plaintiff cannot combine—in a single § 1983 suit—so many unrelated incidents, especially since he is proceeding in forma pauperis (IFP). Defendants may not be joined that way unless Plaintiff's claims arise "out of the same transaction [or] occurrence" and raise "question[s] of law or fact common to all." Fed. R. Civ. P. 20(a)(2). "Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi-claim, multi-defendant suit] produce[s] but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may

---

[1] This order is non-dispositive, so it is not immediately appealable. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *McKeever v. Block*, 932 F.2d 795, 799 (9th Cir. 1991). If Plaintiff believes this order is dispositive, he must object to the order within 14 days. *See* Fed. R. Civ. P. 72(a), (b); L.R. 72-2.1; *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 & n.1 (9th Cir. 1996).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   5:22-cv-2072-FLA (SK) | Date: January 18, 2023 |
| Title   LaQuinton D. Bowers v. James Hill et al. | |

file without prepayment of the required fees." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)).  As best the Court can tell, Plaintiff wants to sue for potentially more than ten unrelated events:

- For false imprisonment, unsafe living conditions, medical malpractice, sexual assault, lost property, and racial injustice against Defendant Hill. (ECF 1 at 3, 5-6).

- For miscalculation of sentence credits against Defendant Roble.  (*Id*. at 3).

- For verbal harassment, use of force, and retaliation against Defendant Vasquez.  (*Id*.).

- For falsifying documents, planting contraband, and putting him in uncomfortable housing against Defendants Guthrie, Parker, and Castillo. (*Id*. at 4).

Because these allegations involve different occurrences at different times with different parties (even if any were to present common questions of law or fact), Plaintiff—or the Court—must sever each actionable set of incidents from the others.  *See* Fed. R. Civ. P. 21; *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 870-71 (9th Cir. 2013).  And for each action, Plaintiff must either pay the required fees or file separate IFP applications.

*Second*, even if Plaintiff's mis-joined suits were severed, the following kinds of claims are **not** actionable as *federal* claims in *federal* court at all:

- **Defendants sued in their official capacities**.  A "suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office" and thus "is no different from a suit against the State itself." *Will v. Mich. Dep't State Police*, 491 U.S. 58, 71 (1989).  But the State of California and its agencies (like the California Department of Corrections and Rehabilitation) are immune from suit for damages under the Eleventh Amendment.  *See Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472-74 (1987); *Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009).

- **Defendants (like Hill) sued only as supervisors**.  Vague and conclusory allegations in civil rights complaints about the involvement of supervisory personnel are insufficient.  *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1983).  "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | 5:22-cv-2072-FLA (SK) | Date: January 18, 2023 |
| Title | LaQuinton D. Bowers v. James Hill et al. | |

violated the constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). A supervisor's mere "knowledge and acquiescence" in their subordinate's actions cannot establish liability, nor is it enough that the supervisor oversees deputy personnel who allegedly engaged in the constitutional violation. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

- **Inadequate medical care because of negligence or malpractice**. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Toguchi v. Chung*, 391 F.3d 1051, 1060-61 (9th Cir. 2004). Similarly, "a difference of medical opinion between a prisoner and his treating physicians regarding the appropriate course of treatment does not amount to deliberate indifference" actionable under the Eighth Amendment. *Conway v. Linn Cnty.*, 2008 WL 5071672, at *4 (D. Or. Nov. 24, 2008).

- **Claims for stolen property**. The "unauthorized intentional deprivation of property by a state employee" is not actionable under the Fourteenth Amendment because there is "a meaningful postdeprivation remedy for the loss" under California law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994).

- **Miscalculation of credits against a custodial sentence**. "A prisoner's challenge to the wrongful deprivation of credits toward his sentence must be brought in a habeas petition"—not a civil rights lawsuit. *Martinez v. Asuncion*, 2019 WL 5580969, at *3 (C.D. Cal. Sept. 18, 2019) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973)).

- **Derogatory, harassing, or racist remarks**. While morally reprehensible, racist comments and the like do not by themselves create a federal cause of action. *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

- **Procedures used in disciplinary hearings that affected no protected property or liberty interest**. Only proceedings that lead to "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" are guaranteed procedural due process. *Sandin v. Conner*, 515 U.S. 472, 473 (1995). Thus, for instance, enduring indignities because of alleged procedural irregularities during a disciplinary hearing cannot state a federal due process claim. *See Butts v. Ibarra*, 2020 WL 4676375, at *9 (E.D. Cal. Aug. 12, 2020).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   5:22-cv-2072-FLA (SK) | Date: January 18, 2023 |
| Title   LaQuinton D. Bowers v. James Hill et al. | |

- **Mere false accusations or falsification of reports**.  A prisoner has no standalone federal "right to be free from false accusations." *Garrott v. Glebe*, 600 F. App'x 540, 542 (9th Cir. 2015); *see Jackson v. Baca*, 2014 WL 4093425, at *7 (C.D. Cal. Aug. 18, 2014) ("[T]he falsification of disciplinary reports does not state a standalone constitutional claim.").

- **Mental or emotional distress with no predicate physical injury**.  "No federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).

*Third*, Plaintiff cannot proceed in federal court with a "shotgun" complaint.  A complaint is a "shotgun pleading" when (1) it fails to differentiate between defendants such that it is impossible to determine which defendant is accused of what, (2) there are no factual allegations that can be logically organized into each count in the complaint, or (3) the complaint is filled with conclusory, vague, and immaterial facts unconnected to a particular cause of action.  *See Jaime v. Parts Auth. LLC*, 2021 WL 3055041, at *7 (D. Ariz. July 20, 2021); *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 2015 WL 12777092, at *4 (C.D. Cal. Oct. 23, 2015).

Here, Plaintiff's abstract and conclusory assertions like "racial injustice," "retaliation," or "uncomfortable housing" (ECF 1 at 3, 4) cannot proceed since they neither assert a cognizable legal theory under federal law nor allege any supporting nonconclusory facts.  *See Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir. 2011); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  And while sexual assault or use of force can violate the Constitution, Plaintiff must still provide "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  That means Plaintiff must provide some dates, names, and other facts that coalesce around an actionable claim.  *See Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n. 2 (9th Cir. 2006) (en banc) ("claim" must be comprised of "allegations that give rise to an enforceable right to relief"); *Schmidt v. Herrmann*, 614 F.2d 1221, 1224 (9th Cir. 1980) (affirming dismissal of ambiguous and unintelligible complaint).  It is not the Court's job to plead Plaintiff's complaint for him: "a liberal interpretation of a [pro se] civil rights complaint may not supply essential elements of the claim that were not initially pled."  *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

\* \* \* \* \* \* \* \* \* \*

For all these reasons, Plaintiff is ordered to show cause in writing by **February 17, 2023,** why this action should not be dismissed—in whole or in part—based on the factual and legal deficiencies outlined above.  Plaintiff may satisfy this order by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   5:22-cv-2072-FLA (SK) | Date: January 18, 2023 |
| Title       LaQuinton D. Bowers v. James Hill et al. | |

voluntarily dismissing this action using the attached form CV-09.  Cases voluntarily dismissed do not count as strikes under 28 U.S.C. § 1915(g), which caps the number of lawsuits that state prisoners may file in federal court without prepayment of filing fees.  Or Plaintiff may file an amended complaint fixing the curable deficiencies—including by severing any incidents that cannot be combined in the same complaint under Rule 20.  (Severed claims must be filed separately as new actions—with separate IFP applications or full payment of the filing fees.)  Plaintiff is cautioned, though, that he may be denied further leave to amend if he cannot "state a viable claim without contradicting any of the allegations of his original complaint."  *Garmon v. County of Los Angeles*, 828 F.3d 837, 846 (9th Cir. 2016) (cleaned up).

**WARNING**: If Plaintiff files no notice of voluntary dismissal, no amended complaint, or no written response to this order by **February 17, 2023,** this action may be dismissed involuntarily for failure to prosecute with no further warning.  *See* Fed. R. Civ. P. 41(b); L.R. 41-1.

IT IS SO ORDERED.